IN THE UNITED STATES DISTRICT COURT
                          FOR THE DISTRICT OF COLORADO
                                  Durango, Colorado
                             Judge Robert E. Blackburn

**Date: January 14, 2009**

Courtroom Deputy: Ginny Kramer
Court Reporter:   Suzanne Claar
Probation Officer: Laura Ansart

---

**Criminal Case No.  07-cr-00371-REB-4**

| UNITED STATES OF AMERICA, | Michael Carey |
|---|---|
| | Todd Norvell |
| v. | |
| 3.   ISAAC HEADMAN, | Michael Goldman |
| Defendant. | |

---

## SENTENCING MINUTES

---

This hearing is being video conference to Denver, Colorado.

**1:57 p.m.     Court in session.**

The Defendant is present in Court (in custody).

Court's opening remarks.

Discussion on Defendant's Motion for a Evidentiary Hearing and a  New Trial [#194] filed September 29, 2008.

The Court enters Findings of Fact, Conclusions of Law, and orders.

2:01 p.m.     The video conference connection is lost.

**It was ORDERED:**

      1.     That the Defendant's Motion for Evidentiary Hearing and a New Trial
            [#194], filed September 29, 2008, is **denied** for the reasons as stated on

the record.

Pursuant to 18 U.S.C. § 3352 and F.R.Cr.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the defendant informs the Court that he has read and discussed the presentence report with the defendant.

Defendant's counsel made a statement on behalf of the defendant, offered information in mitigation of his punishment and commented on the probation officer's determinations and other matters affecting sentence.

Statement to the court by the government.

The Court has considered all relevant matters of fact and law, including the following:

1. The nature and circumstances of the offense for which the defendant is being sentenced.
2. The history and characteristics of the offender.
3. The authorized sentences under 18 U.S.C. § 3551.
4. The presentence report and addendum.
5. The advisory sentence guidelines.
6. The factors to be considered in imposing sentence pursuant to 18 U.S.C. § 3553(a)(2).
7 The position of the government, the defendant, and the probation department.

The Court enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**It was ordered as follows:**

1. That judgments of conviction under Fed.R.Crim.P 32(k) is entered on Counts One, Two and Three of the Indictment.

2. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **LIFE IN PRISON for Counts One, Two and Three, which sentences shall run concurrently.**

3. That no additional supervised release is imposed.

4. That no fine is imposed.

5. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00 for each count of conviction for a total assessment of $300.00.

6. That the defendant shall pay restitution to the family and estate of Joseph Greany in the amount of $1,500.00 payably to the Clerk of Court jointly and severally with the three other co-defendants in this case; provided furthermore that the defendant shall pay restitution in monthly installments during her supervised release, as directed by her supervising probation officer; provided also that interest on restitution is waived.

7. That the defendant is remanded to the custody of the United States Marshal.

The Defendant is advised of his right to appeal.

**2:28 p.m.     Court in recess.**

*Total in court time: 00: 31 minutes - Hearing concluded*